IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00507-OLG |
| | § | |
| vs. | § | |
| | § | |
| STEVEN P. MACH, DPS, CHAIRMAN; STEVEN C. MCCRAW, DIRECTOR, TEXAS DEPARTMENT OF PUBLIC SAFETY; RHONDA FLEMING, JACOB LAVENDER, TROOPER, DEPT. OF PUBLIC SAFETY; KENT COLEMAN, TROOPER, TEXAS DEPT. OF PUBLIC SAFETY; ROBERT DRIGGERS, TROOPER, TEXAS DEPT. OF PUBLIC SAFETY; PHILIP AYALA, TEXAS DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS, CITY OF SAN ANTONIO, RON NIRENBERG, MAYOR, CITY OF SAN ANTONIO; WILLIAM P. MCMANUS, CHIEF OF SAN ANTONIO POLICE DEPARTMENT; AND ERIK WALSH, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court is the above-styled cause of action, which was removed to this Court on May 10, 2019 and referred to the undersigned on May 16, 2019 for all pretrial proceedings [#4]. In addition to this lawsuit, Plaintiff has two other lawsuits pending in the San Antonio Division of this District (5:19-CV-702-OLG and 5:19-CV-753-OLG). The Court set all three cases for status conferences to facilitate the Court's resolution of various pending motions and to streamline the issues in these cases.

On August 7, 2019, Plaintiff, proceeding *pro se*, and counsel for Defendants appeared before the Court. At the hearing, the Court addressed Plaintiff's most recent filing, which was

filed in all three cases. The filing is styled as a "Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction" [#15]. Plaintiff conceded on the record at the conference that the only relief requested by this motion in the *instant* case is a 90-day stay of all proceedings due to his medical issues to allow him time to retain an attorney and adequately respond to the two pending motions to dismiss [#7, #8]. (The other relief requested relates to 5:19-CV-753-OLG.) Plaintiff submitted a note with his motion signed by Dr. Caridad Rebollar, MD, which states that Plaintiff was admitted to Mission Trail Baptist Hospital on July 25, 2019 for the management of diabetes, hypertension, and other conditions. In his note, the doctor also included her opinion that Plaintiff should have 90 days to manage and improve his medical condition and concentrate on his health. (Doctor's Note [#15] at 24.)

As the Court stated orally at the conference, the request for a 90-day stay is denied. The record reflects that Plaintiff filed this lawsuit in state court on May 6, 2019, and his Amended Petition was removed to this Court on May 10, 2019. (Orig. Pet. [#1-4].) All Defendants in this action moved for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) on May 28, 2019 and May 30, 2019 [#7, #8]. Plaintiff timely moved for an extension of time to file a response to the motions on June 6, 2019, which the Court granted, giving him until July 15, 2019 to file any response in opposition [#10]. Plaintiff failed to file a response on or before this date. His next filing in this case was not until July 26, 2019, when he filed the motion for a 90-day stay in this and the other two pending cases. Although the record reflects that Plaintiff is experiencing significant health issues, it also reflects that he has continued to engage in litigation activities in

this and other cases during the last few months, and thus, his request for a stay must be balanced against the prejudice to Defendants in delaying a ruling on their dispositive motions for another three months.

To be more specific, the record in this case does not indicate that Plaintiff has been hospitalized or otherwise incapacitated for the entire period of time from June 6, 2019 (the date the Court entered an order granting his request for an extension to respond) to July 15, 2019 (the deadline to respond to Defendants' motions imposed by the Court in its Order). In fact, Plaintiff conceded that he has not been continuously incapacitated or hospitalized, but he maintains that his health conditions have been serious and have prevented him from responding by the deadline or filing a second timely request for an extension. Yet, despite this assertion, the records in the other two cases pending before the Court (5:19-CV-702-OLG and 5:19-CV-753-OLG) indicate that during this same time period Plaintiff filed a new lawsuit, filed amended pleadings, obtained temporary restraining orders, moved for contempt, and subpoenaed witnesses. Plaintiff has already been afforded one extension of time to respond to Defendants' motions and under these circumstances is not entitled to another.

Although the Court will not grant the full 90-day stay requested by Plaintiff, the Court, pursuant to its case management authority under the Federal Rules, will stay all proceedings in the case pending the issuance of the undersigned's Report and Recommendation so that the predicate issues, including the applicability of certain immunities invoked by the Defendants, can be addressed and the parties' resources can be conserved. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (district courts have "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (affirming stay of discovery pending resolution of

immunity issues); *see also* Fed. R. Civ. 16(c) (during an initial pretrial conference, the court should consider and take appropriate action to simplify the case and control and manage discovery).

The Court also notes that Plaintiff made oral motions at the three status conferences in his pending cases.[1] During the status conference in this case, Plaintiff moved for the Court to compel mediation. That motion is denied as premature but without prejudice to the parties requesting Court-ordered mediation at a later date, after preliminary matters have been resolved.

**IT IS THEREFORE ORDERED** that Plaintiff's Sworn Motion for Hearing on Rule 65 Request for Temporary Restraining Order and Permanent Injunction and Second Motion for Contempt and Motion for Ninety (90) Day Stay of All Proceedings and Motion for Extension of State Court Restraining Order Converted to a FRCP Rule 65 Temporary Restraining Order and Temporary Injunction [#15] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to compel mediation is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that this case is **STAYED** for all purposes until the undersigned issues a report and recommendation on the pending motions to dismiss. No party may file any additional documents in this case without first seeking leave of Court until the stay is lifted. However, Plaintiff indicated he is attempting to obtain counsel, and if he does, counsel may file an appearance at any time. Plaintiff, whether he is still proceeding *pro se* or has obtained counsel, will, of course, have an opportunity to lodge any objections to the

---

[1] His first oral motion occurred during the conference in case, and he orally requested that the undersigned recuse herself as biased. In 5:19-CV-753-OLG, Plaintiff subsequently orally withdrew that motion, and recanted his accusation of bias.

undersigned's report and recommendation once it is issued to the District Court and the stay is lifted.

**IT IS SO ORDERED.**

SIGNED this 8th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE