IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-00507-OLG |
| | § | |
| vs. | § | |
| | § | |
| STEVEN P. MACH, DPS, CHAIRMAN; | § | |
| STEVEN C. MCCRAW, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY; RHONDA FLEMING, JACOB | § | |
| LAVENDER, TROOPER, DEPT. OF | § | |
| PUBLIC SAFETY; KENT COLEMAN, | § | |
| TROOPER, TEXAS DEPT. OF PUBLIC | § | |
| SAFETY; ROBERT DRIGGERS, | § | |
| TROOPER, TEXAS DEPT. OF PUBLIC | § | |
| SAFETY; PHILIP AYALA,  TEXAS | § | |
| DEPARTMENT OF PUBLIC SAFETY, | § | |
| STATE OF TEXAS,  CITY OF SAN | § | |
| ANTONIO, RON NIRENBERG, | § | |
| MAYOR, CITY OF SAN ANTONIO; | § | |
| WILLIAM P. MCMANUS, CHIEF OF | § | |
| SAN ANTONIO POLICE | § | |
| DEPARTMENT; AND ERIK WALSH, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Application to Proceed in District

Court without Prepaying Fees or Costs [#62], which the Court construes as a motion to proceed

*in forma pauperis* ("IFP") on appeal.  This motion was referred to the undersigned on February

27, 2020.   The undersigned has authority to enter this  order pursuant to 28 U.S.C. §

636(b)(1)(A).  For the reasons set forth below, it is recommended that Plaintiff's Motion [#62]

be **DENIED**.

1

## I.  Analysis

Plaintiff has filed an appeal with the Fifth Circuit Court of Appeals and asks the Court to proceed without paying the costs and fees associated with that appeal.  The process of seeking leave to proceed IFP on appeal is governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(3).  According to Rule 24, a party to a district court action who desires to proceed IFP on appeal must file a motion in the district court.[1]  Fed. R. App. P. 24(a).  The movant is required to attach an affidavit to the motion that: shows in detail the movant's inability to pay the appeal costs and fees; claims an entitlement to redress; and states the issues the movant intends to present on appeal.  *Id.* at 24(a)(1).

Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks appellate review of any issue that is not frivolous.  *Howard v. King*, 107 F.2d 215, 220 (5th Cir. 1983).  Accordingly, in addition to demonstrating that his financial condition qualifies him to proceed under the IFP statue, a movant must also demonstrate that his appeal involves nonfrivolous issues.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

The affidavit Plaintiff filed with the Court in conjunction with his motion to proceed *in forma pauperis* on appeal explained his inability to pay the costs associated with his appeal.  But the affidavit did not inform the Court of the issues Plaintiff intends to appeal or why he is entitled to redress.  The Court ordered Plaintiff to provide this information in a Show Cause

---

[1] The undersigned notes that Plaintiff did not seek to proceed IFP in the underlying district court action.  Therefore, the provisions of Rule 24(a)(3), which permits a party already obtaining IFP status to proceed on appeal "without further authorization," do not apply.

Order issued on March 3, 2020.  Plaintiff asked for more time to file his response, which the Court granted.  Plaintiff filed his response to the Show Cause Order on April 14, 2020 [#77].

It is Plaintiff's burden under Section 1915(a)(3) to demonstrate a nonfrivolous basis for his appeal.  Plaintiff's response lists the following bases for his appeal:  (A) abuse of discretion; (2) non-compliance with rules on pro se plaintiffs; (C) discriminatory rulings and case dismissal; (D) refusal to conduct in camera inspection of possibly dispositive toxicology report; (E) refusal to force defendants to abide by discovery requests.  The Court will deny Plaintiff's motion, finding that Plaintiff's response has not established a nonfrivolous basis for his appeal.

The undersigned and the District Court issued various case management and substantive orders throughout the course of this case, culminating in the dismissal of Plaintiff's state-court Petition for failure to state any cause of action upon which relief could be granted under federal or state law [#52, #59].  Plaintiff has repeatedly raised his grievances and arguments before this Court regarding the Court's and the undersigned's alleged bias and discrimination, and Plaintiff has had ample opportunity to raise his legal arguments to Defendants' motions both in standard responses as well as objections to the undersigned's report and recommendation.  The Court has not found any of Plaintiff's arguments to have merit.  Plaintiff's response to his show cause order does not raise any new arguments or explain why the Court's previous rulings were in error.

Plaintiff's motion to proceed IFP should therefore be denied for failure to raise a nonfrivolous basis for his appeal.  *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).  This recommendation does not bar Plaintiff from pursuing his appeal, only from proceeding without paying the fees typically assessed on all litigants seeking further review of their claims.

## II.  Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the District Court certify that Plaintiff's appeal is not taken in good faith and **DENY** Plaintiff's IFP Application [#62].

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

4

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 29th day of April, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE